1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN D. CABADING,<br><br>                                          Plaintiff,<br><br>        vs.<br><br>WELLS FARGO BANK; U.S. BANK<br>NATIONAL ASSOCIATION; and DOES 1<br>TO 20, inclusive,<br><br>                                          Defendants. | CASE NO. 12CV605 JLS (WMc)<br><br>**ORDER GRANTING MOTION TO<br>DISMISS PLAINTIFF'S<br>COMPLAINT**<br><br>(ECF No. 3) |

        Presently before the Court is Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and U.S. Bank National Association, as trustee for MASTR Asset Backed Securities Trust 2006-NC1's ("U.S. Bank," and collectively, "Defendants") Motion to Dismiss Plaintiff's Complaint.  (Mot. to Dismiss, ECF No. 3)  Also before the Court are Plaintiff Susan D. Cabading's ("Plaintiff") response in opposition, (Resp. in Opp'n, ECF No. 5), and Defendants' reply in support, (Reply in Supp., ECF No. 6).  The hearing set for the motion on May 17, 2012, was vacated, and the matter taken under submission on the papers.  Having considered the parties' arguments and the law, the Court **GRANTS** Defendants' motion.

## BACKGROUND

### 1.  Factual Background

        On October 15, 2005, Plaintiff and her husband, Rolonda C. Cabading, obtained a loan from New Century Mortgage Corporation in the amount of $448,000.00.  (Req. for Judicial Notice

1  ("RJN")[1] Ex. A, at 2–21,[2] ECF No. 3-2)  This loan was secured by a Deed of Trust on the real

2  property located at 7954 Hemphill Drive, San Diego, California, 92126 ("Property").  (*Id.*)  The

3  Deed of Trust was subsequently assigned on August 30, 2006, to U.S. Bank, as trustee for MASTR

4  Asset Backed Securities Trust 2006-NC1.  (*Id.* Ex. C, at 26); (Compl. ¶ 7, ECF No. 1-2)  And, on

5  June 8, 2011, a Substitution of Trustee was recorded, in which Northwest Trustee Services, Inc.

6  ("Northwest Trustee") was substituted in as trustee.  (RJN Ex. N, at 61–62, ECF No. 3-2)  On that

7  same day, Northwest Trusteee recorded a Notice of Trustee's Sale, setting a sale date of June 28,

8  2011.  (*Id.* Ex. O, at 64)  The sale has not yet taken place.

9      According to Plaintiff, U.S. Bank lacked authority to "appoint or direct" Northwest Trustee

10  to send out a Notice of Default and Election to Sell Under Deed of Trust or to conduct a Trustee's

11  Sale because U.S. Bank "did not and does not maintain an ownership interest in the note."

12  (Compl. ¶ 22, ECF No. 1-2)  This is because U.S. Bank allegedly combined Plaintiff's and

13  hundreds of other Promissory Notes secured by Deeds of Trust into one Pooling and Servicing

14  Agreement Trust ("PSA") and thereafter sold fractionalized ownership interests in the trust to

15  institutional and other investors, which allegedly deprived U.S. Bank of its ownership in the Notes.

16  (*Id.* ¶¶ 18–21)  Moreover, Plaintiff asserts that "[t]he sale of these assets at a profit reduced the

17  amount due and owing on Plaintiff's Note."  (*Id.* ¶ 20)

18      Plaintiff alleges that she "was required to file bankruptcy to stop said sale" of her property,

19  (*id.* ¶ 10), and although she "qualified for a loan modification under at least two (2) of the existing

20  federal loan modification programs and met all guidelines for loan modification on this particular

21  Note and Deed of Trust," (*id.* at ¶ 13), Defendants wrongfully delayed making a decision her

22

23      [1] Defendants request that the Court take judicial notice of Exhibits A through O.  (RJN, ECF
24  No. 3-1)  Generally, on a motion to dismiss, a court may consider only three things: (1) "allegations
    contained in the pleadings," (2) "exhibits attached to the complaint," and (3) "matters properly subject
25  to judicial notice."  *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (citation omitted).
    However, a court may also "consider a writing referenced in a complaint but not explicitly
26  incorporated therein if the complaint relies on the document and its authenticity is unquestioned."  *Id.*
    (citation omitted).  Plaintiff does not oppose Defendants' request for judicial notice—and, indeed,
27  Plaintiff cites to some of the documents in her opposition brief.  (*See, e.g.*, Resp. in Opp'n 2, ECF No.
    5)  Moreover, the documents are publicly recorded, and their authenticity is not in dispute.  Thus, the
28  Court takes judicial notice of these exhibits.

      [2] Pin cites to exhibits to the RJN utilize the page numbers assigned by CM/ECF.

1  modification request, (*see id.* ¶¶ 14–17).  Indeed, according to Plaintiff, as of the date she filed her

2  state-court action, "Defendants, and each of them, have not denied Plaintiff's request for a loan

3  modification, nor have they approved Plaintiff's request for a loan modification.  Nevertheless,

4  Defendants, and each of them, instituted foreclosure proceedings through U.S. Bank and its

5  trustee, Northwest Trustee Services, Inc."  (*Id.* ¶ 17)

6  **2.  Procedural Background**

7        Plaintiff filed this action on January 13, 2012, in the San Diego County Superior Court of

8  the State of California.  Soon thereafter, on March 9, 2012, Defendants removed the case to this

9  Court pursuant to 28 U.S.C. § 1441(b) on the basis of diversity jurisdiction.  (Not. Removal 2,

10  ECF No. 1)

11        On March 16, 2012, Defendants filed the instant motion to dismiss.  (Mot. to Dismiss, ECF

12  No. 3)  Plaintiff responded on April 26, 2012,[3] (Resp. in Opp'n, ECF No. 5), and Defendants

13  replied on May 2, 2012, (Reply in Supp., ECF No. 6).

14  **LEGAL STANDARD**

15        Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that

16  the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a

17  motion to dismiss.  The Court evaluates whether a complaint states a cognizable legal theory and

18  sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain

19  statement of the claim showing that the pleader is entitled to relief."  Although Rule 8 "does not

20  require 'detailed factual allegations,' . . . it [does] demand[] more than an unadorned, the-

21  defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

22  (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  In other words, "a plaintiff's

23  obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and

24  conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*,

25  550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  "Nor does a complaint

26  ───────────────

27      [3] In the Court's Order setting a briefing schedule, the Court directed Plaintiff to file an opposition by April 19, 2012.  (Order, Mar. 19, 2012, ECF No. 4)  The Court notes that Plaintiff's opposition was therefore untimely.  The Court will consider Plaintiff's opposition in ruling on the

28  instant motion, but admonishes Plaintiff that any further failures to comply with this Court's Orders and deadlines may result in sanctions.

1  suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S.

2  at 678 (citing *Twombly*, 550 U.S. at 557).

3         "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

4  accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*,

5  550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6).  A claim is facially plausible when the facts

6  pled "allow[] the court to draw the reasonable inference that the defendant is liable for the

7  misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  That is not to say that the claim must

8  be probable, but there must be "more than a sheer possibility that a defendant has acted

9  unlawfully." *Id.*  Facts "'merely consistent with' a defendant's liability" fall short of a plausible

10  entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557).  Further, the Court need not accept

11  as true "legal conclusions" contained in the complaint.  *Id.*  This review requires context-specific

12  analysis involving the Court's "judicial experience and common sense." *Id.* at 679 (citation

13  omitted).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere

14  possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is

15  entitled to relief.'" *Id.*  Moreover, "for a complaint to be dismissed because the allegations give

16  rise to an affirmative defense[,] the defense clearly must appear on the face of the pleading."

17  *McCalden v. Ca. Library Ass'n*, 955 F.2d 1214, 1219 (9th Cir. 1990) (internal quotations omitted).

18         Where a motion to dismiss is granted, "leave to amend should be granted 'unless the court

19  determines that the allegation of other facts consistent with the challenged pleading could not

20  possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir.

21  1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir.

22  1986)).  In other words, where leave to amend would be futile, the Court may deny leave to

23  amend.  *See Desoto*, 957 F.2d at 658; *Schreiber*, 806 F.2d at 1401.

## ANALYSIS

25         Read in conjunction with Plaintiff's opposition brief, Plaintiff's complaint appears to state

26  two causes of action—one for fraud and one for promissory estoppel.  (*See* Compl., ECF No. 1-2;

27  Resp. in Opp'n, ECF No. 5)  Defendants move to dismiss on the following bases: (1) Plaintiff has

28  not alleged a clear and unambiguous tender of the outstanding loan balance to Defendants;

(2) Plaintiff's fraud claim fails because she did not allege any wrongful conduct by Defendants sufficient to satisfy Federal Rules of Civil Procedure 8 and 9; and (3) Plaintiff has failed to state a claim for promissory estoppel.  (*See generally* Mot. to Dismiss, ECF No. 3)  The Court considers each argument in turn.

**1. Tender Rule**

Defendants assert that to the extent Plaintiff seeks to enjoin the foreclosure sale of the Property, the relief she seeks in her complaint is barred because "Plaintiff is required to tender the amounts owed under the note and Deed of Trust in order to enjoin the foreclosure sale."  (Mot. to Dismiss 3, ECF No. 3 (citing *Arnold's Mgmt. Corp. v. Eischen*, 205 Cal. Rptr. 15, 17 (Cal. Ct. App. 1984)))  It is undisputed that Plaintiff has not alleged a valid tender, (*see* Resp. in Opp'n 3, ECF No. 5), but Plaintiff contends that the tender rule is inapplicable here because she has "alleged that the holder of the Deed of Trust was not authorized to foreclose an invalid, void lien," (*id.* (citing *Dimock v. Emerald Properties*, 97 Cal. Rptr. 2d 255, 262 (Cal. Ct. App. 2000))).

"Under California law, the 'tender rule' requires that as a precondition to challenging a foreclosure sale, or any cause of action implicitly integrated to the sale, the borrower must make a valid and viable tender of payment of the secured debt."  *Montoya v. Countrywide Bank*, 2009 U.S. Dist. LEXIS 53920, *32 (N.D. Cal. June 25, 2009) (citing *Karlsen v. Am. Savings & Loan Ass'n*, 92 Cal. Rptr. 851, 854 (Cal. Ct. App. 1971); *Eischen*, 205 Cal. Rptr. at 17); *see also Lona v. Citibank, N.A.*, 134 Cal. Rptr. 3d 622, 640 (Cal. Ct. App. 2011) ("Because the action is in equity, a defaulted borrower who seeks to set aside a trustee's sale is required to do equity before the court will exercise its equitable powers.").

Although failure to allege tender may generally bar the relief Plaintiff seeks here, the rule is subject to several exceptions.  Plaintiff invokes one such exception,[4] namely that "no tender will

---

[4] Neither party addresses the whether the tender rule should apply in this case, where the foreclosure sale has not yet taken place. *See, e.g.*, *Tamburri v. Suntrust Mortg., Inc.*, 2011 U.S. Dist. LEXIS 144442, at *11–13 (N.D. Cal. Dec. 15, 2011) ("[A]t least one federal court has explicitly held that the tender rule only applies in cases seeking to set aside a completed sale, rather than an action seeking to prevent a sale in the first place." (citing *Vissuet v. Indymac Mortg. Servs.*, 2010 U.S. Dist. LEXIS 26241, at *6–9 & n.3 (S.D. Cal. Mar. 19, 2010))); *Bowe v. Am. Mortg. Network, Inc.*, 2012 U.S. Dist. LEXIS 80044, at *6 (C.D. Cal. June 8, 2012) ("Courts have applied the equitable exception to the tender rule where plaintiffs contest the validity of a foreclosure prior to the foreclosure sale.").

be required when the trustor is not required to rely on equity to attack the deed because the trustee's deed is void on its face." *Lona*, 134 Cal. Rptr. 3d at 641 (citing *Dimock*, 97 Cal. Rptr. 2d at 262). Plaintiff asserts that she has alleged that "U.S. Bank (the foreclosing party) was stripped of the authority to take any action on behalf of the Notes such as Plaintiff's, because it no longer owned them." (Resp. in Opp'n 4, ECF No. 5) Thus, asserts Plaintiff, as in *Dimock*, U.S. Bank "was not authorized to foreclose an invalid, void lien" and, as in *Dimock*, Plaintiff should be exempt from the tender requirement. (*Id.* at 3)

   The Court notes without deciding that *Dimock* may be distinguishable from the facts of this case. There, the foreclosure sale had already taken place, and the deed that the California Court of Appeal found "void on its face" was the deed that was granted to the purchaser of the property during the foreclosure sale, not the original deed of trust (which Plaintiff challenges here). *See Dimock*, 97 Cal. Rptr. 2d at 262. Moreover, unlike in *Dimock*, where the plaintiff "could rely on the face of the record to show that the . . . deed was void," *Dimock*, 97 Cal. Rptr. 2d at 262, here the record—as it currently stands—suggests the opposite, *see supra* at 2.

   Even assuming the *Dimock* exception does not apply here, Courts have held that the tender requirement does not apply when a plaintiff challenges the beneficial interest held by the defendant, rather than the procedural process of the foreclosure itself. *See Johnson v. HSBC Bank USA, Nat'l Ass'n*, 2012 U.S. Dist. LEXIS 36798, at *10 (S.D. Cal. Mar. 19, 2012) (holding the tender requirement does not apply where the plaintiff "is not challenging [the d]efendants' compliance with the foreclosure law, but is claiming that defendants did not properly receive the assignment of their loan"); *Vogan v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 132944, at *19 (E.D. Cal. Nov. 17, 2011). Indeed, enforcing such a requirement in circumstances where the plaintiff challenges the defendant's claim to the debt would make little sense—if a defendant truly has no legally enforceable beneficial interest in the property at issue, then a plaintiff will not need to pay the debt secured in order to obtain a judicial declaration of that fact. *See Onofrio v. Rice*, 64 Cal. Rptr. 2d 74, 80 (Cal. Ct. App. 1997) ("[I]f the action attacks the validity of the underlying debt, a tender is not required since it would constitute an affirmative of the debt.") The Court

agrees with *Johnson* and *Vogan* that tender is not required in such circumstances.  Accordingly, because the gravamen of Plaintiff's complaint seems aimed at attacking Defendants' interest in the debt, and because of the Court's concerns whether the tender rule applies in these factual circumstances, *see supra* note 4, the Court declines to dismiss these claims for Plaintiff's failure to plead tender, and turns instead to the other insufficiencies of these claims.

**2. Fraud Claim**

Plaintiff's first claim is for fraud, on the basis that U.S. Bank's act of creating the PSA and selling ownership interests in that trust to third-party investors without notice to Plaintiff "renders any foreclosure attempts by U.S. Bank or its agents and employees, including Northwest Trustee Services, Inc., void and of no force and effect."  (Compl. ¶ 27, ECF No. 1-2)  Defendants assert that Plaintiff's fraud claim fails because she has not alleged the necessary elements of a fraud claim, and because she has failed to allege "the 'who, what, where' requirements of pleading fraud."  (Mot. to Dismiss 6, ECF No. 3)

To state a claim for misrepresentation or fraud under California law, a plaintiff must plead "'(1) misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (scienter); (3) intent to defraud (i.e., to induce reliance); (4) justifiable reliance; and (5) resulting damage.'" *Alliance Mortg. Co. v. Rothwell*, 900 P.2d 601, 608 n.4 (Cal. 1995) (quoting *Molko v. Holy Spirit Assn.*, 762 P.2d 46, 53 (Cal. 1988)).  Moreover, the fraud claim is subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b).  *See Neilson v. Union Bank, N.A.*, 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003).  Under this rule, a plaintiff must "state with particularity the circumstances constituting the fraud."  Fed. R. Civ. P. 9(b).

Plaintiff's allegations are centered on Defendants' alleged wrongdoing in transferring Plaintiff's Note into the PSA, where it remained for mere minutes before fractionalized interests were sold to third-party investors, all without Plaintiff's knowledge.[5]  According to Plaintiff, this

---

[5] Plaintiff does not indicate why Defendants were required to inform her of their transfer of the loan into the PSA.  To the extent Plaintiff's fraud claim is based on Defendants' failure to notify her of the transfer, the Court notes that the Deed of Trust expressly states that "The Note or a partial

1  act deprived U.S. Bank of any interest in Plaintiff's loan, and—although U.S. Bank "was aware

2  that it had no ownership interest in Plaintiff's Note"—it nevertheless fraudulently directed

3  Northwest Trustee to commence foreclosure proceedings "in an effort to circumvent the law and

4  shortcut the legal process." (Resp. in Opp'n 4–5, ECF No. 5)  Because Plaintiff's fraud claim is

5  premised on the assumption that U.S. Bank has no lawful ownership in Plaintiff's Note due to the

6  transfer to the PSA, and because—as explained—this assumption fails, Plaintiff's fraud claim

7  necessarily fails.

8       Plaintiff conclusively states that Defendants lost their interest in the Note by virtue of its

9  transfer into the PSA, citing no authority and providing no reasoning for this assertion. (*See*

10  Compl. ¶¶ 21–22, ECF No. 1-2; Resp. in Opp'n 4, ECF No. 5)  Unwavering case law suggests the

11  opposite; courts have consistently held that defendant banks do not lose their right to enforce the

12  terms of a Deed of Trust by transferring the loan into a PSA. *See, e.g.*, *Hafiz v. Greenpoint Mortg.*

13  *Funding, Inc.*, 652 F. Supp. 2d 1039, 1043 (N.D. Cal. 2009); *Lane v. Vitek Real Estate Indus.*

14  *Grp.*, 713 F. Supp. 2d 1092, 1099 (E.D. Cal. 2010).  Indeed, under California law, Defendants are

15  not required to possess the original note prior to commencing foreclosure proceedings. *See* Cal.

16  Civ. Code § 2924(a) (describing the process whereby a foreclosure is commenced by the recording

17  of a notice of default and election to sell by the trustee).  Courts have consistently dismissed

18  claims brought by plaintiffs asserting that a foreclosure is invalid because of the trustee's failure to

19  possess the original note or other failures of assignment to the trustee. *See, e.g.*, *Quintero Family*

20  *Trust v. OneWest Bank, FSB*, 2010 2010 U.S. Dist. LEXIS 6618, at *21 (S.D. Cal. Jan. 27, 2010)

21  (rejecting a wrongful foreclosure claim because producing an original note is not a prerequisite to

22  foreclosure in California); *Calderon v. Endres, APC*, 2009 U.S. Dist. LEXIS 57936, at *8 (S.D.

23  Cal. July 7, 2009) ("[Cal. Civ. Code § 2924, et seq.] does not require the entity initiating the

24  foreclosure sale to provide evidence to the borrower or a court establishing its right to do so, nor

25  does it require that entity to have possession of the note.").

26

27  _____

28  interest in the Note (together with this Security Instrument) can be sold one or more times without
prior notice to Borrower."  (RJN Ex. A, at 12, ECF No. 3-2)

1    Thus, the Court **DISMISSES** Plaintiff's fraud claim **WITHOUT PREJUDICE** for failure
2    to state a claim.

3    **3. Promissory Estoppel**

4    Plaintiff's second claim is for promissory estoppel, premised on the assertion that
5    Defendants promised to suspend foreclosure proceedings while reviewing her for a loan
6    modification.  (*See* Compl. ¶¶ 12–17, 30–33, ECF No. 1-2)  Defendants move to dismiss this claim
7    asserting that "this allegation is insufficient to state a viable cause of action for promissory
8    estoppel."  (Mot. to Dismiss 7, ECF No. 3)

9    Promissory estoppel will bind a promisor "'when he should reasonably expect a substantial
10   change of position, either by act or forbearance, in reliance on his promise, if injustice can be
11   avoided only by its enforcement.'"  *Raedeka v. Gibraltar Sav. & Loan Ass'n*, 517 P.2d 1157, 1161
12   n.1 (Cal. 1974) (quoting *Youngman v. Nev. Irrigation Dist.*, 449 P.2d 462, 468 (Cal. 1969)).
13   Courts have broken this doctrine down into four elements: "(1) a promise that is clear and
14   unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) the reliance
15   must be reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by his
16   or her reliance."  *Boon Rawd Trading Int'l Co., Ltd. v. Paleewong Trading Co., Inc.*, 688 F. Supp.
17   2d 940, 953 (N.D. Cal. 2010) (citing *U.S. Ecology, Inc. v. State*, 28 Cal. Rptr. 3d 894, 904–07
18   (Cal. Ct. App. 2005)).

19   As to the first element, Plaintiff alleges that representatives of Defendants "expressly
20   promised, warranted and represented to Plaintiff that no foreclosure would be conducted until
21   Defendants had completed a review of Plaintiff's loan modification application and expressly
22   warranted that no foreclosure would occur unless and until Plaintiff's request for a loan
23   modification had been denied."  (Compl. ¶ 16, ECF No. 1-2)  Defendants argue that this allegation
24   does not constitute a "clear, unambiguous, and enforceable promise" sufficient to state a claim for
25   promissory estoppel.  (Mot. to Dismiss 7–8, ECF No. 3)  Though the allegation lacks factual
26   detail, the Court need not determine whether it is sufficient to withstand a motion to dismiss
27   because Plaintiff did not allege detrimental reliance.

28

1    Plaintiff asserts that she relied on this oral promise in that she "did not seek refinancing

2  someplace else . . . ."  (Resp. in Opp'n 5, ECF No. 5)  In other words, Plaintiff asserts that she

3  would have pursued other means to avoid foreclosure had Defendants not promised to delay

4  foreclosing until the decision on Plaintiff's loan modification request.  Plaintiff has not alleged,

5  however, whether she realistically could have obtained a loan modification elsewhere, or

6  whether—having obtained a loan modification—she would have successfully made payments on

7  the loan sufficient to withstand foreclosure.  Indeed, as Defendants point out, "Defendants gave

8  Plaintiff a loan modification, however, she failed to make even a single payment under the

9  modification agreement."  (Mot. to Dismiss 11–12, ECF No. 3 (footnotes omitted) (citing (RJN

10  Exs. I–J, ECF No. 3-2)))  "Plaintiff has failed, therefore, to allege sufficient facts to establish a

11  connection between her reliance on the alleged promise and [the pending foreclosure] to sustain

12  her claim for estoppel."  *Newgent v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS 18476, at *18

13  (S.D. Cal. Mar. 2, 2010).[6]

14    Plaintiff likens her situation to the facts in *Aceves v. U.S. Bank N.A.*, 120 Cal. Rptr. 3d 507

15  (Cal. Ct. App. 2011), where the California Court of Appeal allowed a plaintiff's promissory

16  estoppel claim to go forward where the plaintiff had alleged that she relied on the defendant bank's

17  promise to modify her loan by forgoing Chapter 13 bankruptcy protection.  But unlike in *Aceves*,

18  where the bank had already gone through with the foreclosure sale, here, the foreclosure on

19  Plaintiff's property has not yet occurred and there is nothing precluding Plaintiff from pursuing

20  bankruptcy proceedings now.  Indeed, Plaintiff indicates in her complaint that she previously filed

21  for bankruptcy in order to stop the foreclosure sale scheduled for January 2012.  Though the

22  complaint does not indicate the date on which Defendants (allegedly) promised to postpone

23  foreclosure until after Plaintiff's loan modification, the complaint does indicate that the decision

24  on her request was delayed for over six months.  (Compl. ¶ 15, ECF No. 1-2)  Thus, it would

25  appear that Plaintiff filed for bankruptcy at some time *after* the alleged promise was made,

26

27  _____

     [6] Having found that Plaintiff failed to allege sufficient facts pertaining to the element of
     detrimental reliance, the Court will not consider the other elements of a promissory estoppel claim,
28   and makes no final judgment as to their presence or absence in Plaintiff's complaint.

1   undermining Plaintiff's attempt to liken her circumstances to those present in *Aceves*.

2        Thus, the Court **DISMISSES** Plaintiff's promissory estoppel claim **WITHOUT**

3   **PREJUDICE** for failure to state a claim.

4                                       **CONCLUSION**

5        For the reasons stated above, the Court **GRANTS** Defendants' motion to dismiss.

6   Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**.  If Plaintiff wishes, she may file

7   an amended complaint within <u>twenty-one days</u> after this Order is electronically docketed.

8        **IT IS SO ORDERED.**

9

10  DATED:  September 21, 2012

11                                    *Janis L. Sammartino*
                                      Honorable Janis L. Sammartino
12                                    United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28